UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MADISON TAYLOR** | : | **CASE NO. 2:22-CV-00767** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **N B I S CONSTRUCTION & TRANSPORT INSURANCE SERV ET AL** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM OPINION AND ORDER**

Before the court is a Motion to Compel Independent Medical Examination filed by defendants NBIS Construction & Transport Insurance Services, Inc., TNT Crane & Rigging, Inc., Mark Anthony Macias, and Pennsylvania Manufacturing Indemnity Co. Doc. 23. The motion seeks an order compelling plaintiff Madison Taylor to undergo an independent medical examination ("IME") with psychologist Dr. Megan Alsop. Plaintiff opposes the motion on the basis that the examination will take six to eight hours, a duration plaintiff describes as excessive. Doc. 25. Plaintiff requests that the evaluation be limited to three hours. Defendant has replied, and the motion is ripe for ruling.

For the following reasons, the Motion to Compel Independent Medical Examination is **GRANTED**.

**I.**
**BACKGROUND**

This lawsuit arises from an October 27, 2021, automobile collision between a vehicle driven by plaintiff and a vehicle driven by defendant Mark Anthony Macias. Doc. 1, att. 9 (Petition for Damages). Plaintiff alleges that defendant's vehicle failed to yield and collided with plaintiff's

vehicle, causing personal and property damages including past, present, and future physical and psychological injuries. *Id.* at 5. Plaintiff alleges that her psychological injuries include mental anguish and emotional distress, along with resulting treatment expenses, loss of enjoyment of life, lost wages, and loss of earning capacity. Doc. 1, att. 9, p. 5.

Earlier this year, plaintiff submitted to a comprehensive psychiatric assessment by Dr. Patrick Hayes, MD, who diagnosed plaintiff with posttraumatic stress disorder ("PTSD") and insomnia disorder. Doc. 23, att. 4. She also submitted to a vocational and life care plan assessment by Dr. Aaron Wolfson, a licensed psychologist and rehabilitation counselor, who prepared a report and life care plan that included—among other medical treatment—periodic visits with a psychiatric nurse practitioner over the next 10 years for medication management and visits with a psychotherapist for trauma focused cognitive behavioral therapy for the next two to three years. Doc. 23, att. 5. Defendants attach both reports to the Motion to Compel.

## II.
### ANALYSIS

The court finds that defendants have articulated a reasonable basis and good cause to compel the IME. Rule 35(a) of the Federal Rules of Civil Procedure provides:

> (a) Order for an Examination.
>
> > (1) *In General.* The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.
> >
> > (2) *Motion and Notice; Contents of the Order.* The order:
> >
> > > (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
> > >
> > > (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

"Although Rule 35 examinations may be ordered 'only on motion for good cause shown,' and use of the rule to compel such examinations is not unfettered, Rule 35(a) generally has been construed liberally in favor of granting discovery." *Grossie v. Fla. Marine Transporters, Inc.*, No. CIV A 04-0699, 2006 WL 2547047, at *2 (W.D. La. Aug. 31, 2006). In *Schlagenhauf v. Holder,* 85 S. Ct. 234 (1964), the United States Supreme Court held:

> Rule 35 [ . . . ] requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of "in controversy" and "good cause," which requirements [ . . . ] are necessarily related. [These requirements] mean [ . . . ] that the movant must produce sufficient information, by whatever means, so that the district judge can fulfill his function mandated by the Rule.

*Id.* at 243 (internal citation omitted).

There is no dispute that plaintiff's psychological injuries are "in controversy," given plaintiff's alleged damages and Dr. Hayes' diagnoses. Plaintiff disputes that defendants have shown "good cause" for the IME, but this dispute centers on the duration of the IME—six to eight hours—rather than the purpose of the IME.

Where, as here, a claimant is asserting personal injury, the "good cause" requirement essentially functions as a test of reasonableness:

> "Good cause" generally requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. For example, a "plaintiff in a negligence action who asserts mental or physical injury ... places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." A "plaintiff may not avoid a Rule 35 examination simply on the grounds that other sources of information, such as medical reports and depositions of plaintiffs treating physicians, are available."

*Knuth v. Reg'l Transit Auth. of New Orleans*, No. CV 20-396, 2020 WL 6742800, at *2 (E.D. La. Nov. 17, 2020) (internal citations omitted).  Here, defendants have shown good cause to compel the IME to determine the existence and extent of plaintiff's psychological injuries.

Plaintiff objects to the duration of the IME, but "[c]ourts generally do not limit the amount of time an examining psychologist will have to conduct the examination." *Robinson v. De Niro*, 600 F. Supp. 3d 286, 291-92 (S.D.N.Y. 2022) (denying request to limit psychological examination to two hours, where psychiatric expert witness estimated exam would take up to eight hours). Where plaintiff does not object to the IME itself, but objects to some aspect of the requested IME, courts have placed the burden on plaintiff to demonstrate that the contested aspect of the examination poses undue burden or hardship.  *See, e.g.*, Knuth 2020 WL 6742800 at *3 (reasoning that, where plaintiff objects to the IME location and that location is within the judicial district where the case will be tried, the burden is not on the defendant to demonstrate that the IME cannot be conducted at a site nearer to the plaintiff; rather, the burden is on the plaintiff to show that traveling to the IME poses undue burden or hardship).

Here, although plaintiff argues that an eight-hour examination is excessive for a person with PTSD and insomnia disorder and disproportionate to the approximately one-hour examination conducted by Dr. Hayes, this argument is purely conclusory and appears unsupported by medical opinion.  Presumably, psychologist Dr. Alsop will be in a suitable position to assess and provide any accommodations required by plaintiff's conditions.

For the foregoing reasons,

**IT IS HEREBY ORDERED THAT** the Motion to Compel Independent Medical Examination [doc. 23], filed by defendants NBIS Construction & Transport Insurance Services,

Inc., TNT Crane & Rigging, Inc., Mark Anthony Macias, and Pennsylvania Manufacturing Indemnity Co., is **GRANTED**;

**IT IS FURTHER ORDERED THAT** Madison Taylor shall submit to a medical examination by Dr. Megan Alsop, the scope and duration of which will be consistent with Dr. Alsop's Psychological Evaluation Process, an outline of which has been provided to plaintiff's counsel.

**IT IS FURTHER ORDERED THAT** the parties will confer and agree upon an appropriate examination date no later than November 21, 2023.

THUS DONE AND SIGNED in Chambers this 9st day of November, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE